IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARDO MENDIA,                          )
                                          )
          Plaintiff(s),                   )          No. C 08-5427 CRB (PR)
                                          )
     vs.                                  )          ORDER OF DISMISSAL
                                          )
JON MORELAND, et al.,                     )
                                          )
          Defendant(s).                   )
_____          )

     Plaintiff, a prisoner at the Alameda County Jail, Santa Rita Facility, has

filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that, while

detained at the Contra Costa County Jail, Deputy Sheriff Jon Moreland denied

him adequate telephone access.  Plaintiff did not exhaust the jail's administrative

grievance process, however.

     The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. §

1997e to provide that "[n]o action shall be brought with respect to prison

conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once

within the discretion of the district court, exhaustion in prisoner cases covered by

§ 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All

available remedies must now be exhausted; those remedies "need not meet

federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation

omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).

Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   But a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.  Here, plaintiff concedes that he did not exhaust available administrative remedies before filing suit, but argues that the exhaustion requirement does not apply because he seeks damages and the jail's administrative grievance process "do[es] not allow for such award."  Compl. at 5. Unfortunately for plaintiff, the Supreme Court has made clear that exhaustion is required even when the prisoner seeks relief not available in the grievance proceedings, notably money damages.  Booth, 532 U.S. at 741.  And there is no indication of any extraordinary circumstances which might compel that he be excused from doing so.  Cf. id. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting the appropriate jail's administrative grievance process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be

1 dismissed without prejudice unless prisoner exhausted available administrative
2 remedies before he filed suit, even if prisoner fully exhausts while the suit is
3 pending).
4          The clerk shall enter judgment in accordance with this order and close the
5 file.
6 SO ORDERED.
7 DATED: <u>Dec. 10, 2008</u>
                                        CHARLES R. BREYER
8                                       United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27     G:\PRO-SE\CRB\CR.08\Mendia, B1.dismissal.wpd
28                                3